IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: GGSI Liquidation Inc., et al., ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| GUS A. PALOIAN, not individually but solely ) | |
| in his capacity as the Chapter 7 trustee of the ) | |
| Above captioned bankruptcy estates, ) | Case No. 01 B 31751 |
| ) | (Jointly Administered) |
| Plaintiff, ) | |
| ) | |
| ) | Adv. No. 03 A 03888 |
| v. ) | |
| ) | Hon. Jack B. Schmetterer |
| Grupo Serla S.A. de C.V. a/k/a Grupo ) | |
| Empresarial Serla, S.A. de C.V.; Editorial ) | |
| Comercial, S.A. de C.V.; Sergio Eduardo ) | |
| Guarneros Trujillo; Bank One individually ) | |
| and as successor-in-interest to First National ) | |
| Bank of Chicago, a national banking, ) | |
| association, and Union Industrial Mexicana, ) | |
| S.A. de C.V., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION ON TRUSTEE'S MOTION TO HOLD
THE FOREIGN DEFENDANTS IN CONTEMPT OF CITATIONS, AND
DEFENDANTS' CROSS MOTION TO QUASH AND DISMISS CITATIONS**

INTRODUCTION

Following trial in the above entitled Adversary proceeding, final judgment was entered herein against Defendant Editorial Commercial, Grupa Serla, and Sergio Edwardo Guarneros Trujillo in the principal amount of $10,804,998.00, and was entered against Defendant Union Industrial in the amount of $1,854,552.00. Those corporate Defendants are all based in Mexico, and were incorporated under Mexican law, and the individual Defendant Sergio Guarneros Trujillo ("Trujillo") is a citizen of Mexico (collectively the "Foreign Defendants"). The

judgments were not stayed pending appeal, nor was any motion to stay filed by those Defendants. Therefore, the Plaintiff Trustee sought to serve citations on those Defendants and their local attorney Joel Schechter ("Mr. Schechter"), seeking information about assets.[1]

When those Foreign Defendants and Mr. Schechter failed to appear to give testimony, the Plaintiff Trustee moved as to each citation summons for a Rule to Show Cause to hold them in Contempt ("Motion"). The Foreign Defendants and Mr. Schechter filed their response thereto. Briefs were filed by the parties. In the Motion, the Trustee seeks to have the Foreign Defendants and Mr. Schechter held in contempt for their failure to produce documents, answer questions, or appear as required by the citations to discover assets. In response, Foreign Defendants and Mr. Schechter argue that the citations to discover assets and the Motion were not properly served on the Defendants or their attorney Mr. Schechter.

The Foreign Defendants and Mr. Schechter filed a cross Motion to Quash Citation Notices and Dismiss Citations to Discover Assets. The parties have agreed that the Motion to Quash is based on briefs and contentions argued in opposition to the contempt motion, and that Trustee's prior briefs will stand in opposition thereto.

## JURISDICTION AND VENUE

Subject matter jurisdiction to entertain these issues is held pursuant to 28 U.S.C. § 1334. The Adversary proceeding and therefore the supplemental citation proceedings following entry of judgments have been referred here by Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 18 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. § 1409(a).

---

[1] A separate and unrelated judgment was entered against Chase Bank f/k/a First National Bank of Chicago.

## UNDISPUTED FACTS

There are no disputes in the pleadings as to the facts or relevant history of record.

1. On November 20, 2006, judgment was entered herein against Grupo Serla S.A. de C.V. a/k/a/ Grupo Empresarial, Serla, S.A. de. C.V.; Editorial Comercial, S.A. de C.V.; and Sergio Edwardo Guarneros Trujillo (certain "Foreign Defendants") on Counts I, II, and III in the amount of $10,804,998.00. Judgment was also entered against Union Industrial Mexican, S.A. de C.V. in the amount of $1,854,552.00.

2. On December 21, 2006, Vaughn A. White and Maria Strohmeier filed a motion to withdraw as attorneys for Foreign Defendants. Those attorneys represented the Foreign Defendants at trial and filed a post judgment motion on their behalf for extension of time to file appeals from the judgments.

3. On December 28, 2006, the Trustee issued citations to discover assets to the Foreign Defendants.

4. Copies of citations directed to the Foreign Defendants were served on Vaughn A. White as counsel of record for all the Foreign Defendants on December 28, 2006, by facsimile transmission and were also served on him by certified mail on December 29, 2006.

5. Subsequent to service of the citation copies on Mr. White as stated in paragraph 4, on December 29, 2006 an order was entered herein granting the motion of Vaughn A. White and Maria Strohmeier to withdraw as counsel for Foreign Defendants. As a condition of their withdrawal, Mr. White provided to the Plaintiff Trustee specific future contact information for the Foreign Defendants, specifying persons to contact and addresses for such contact.

6.     The citations were also sent directly to all of the Foreign Defendants via Federal Express on January 3, 2007 and received and signed for by each on January 5, 2007.

7.     Mr. Schechter filed an appearance on behalf of Foreign Defendants on January 2, 2007, and he represents them in their pending appeals from the judgments. Counsel for the Trustee informed Mr. Schechter of the citations to discover assets. Mr. Schechter advised Counsel for the Trustee that the Foreign Defendants were aware of the citations but he was unable to confirm whether Foreign Defendants would produce documents or appear to be examined on January 26, 2007, the date of the citation examinations. In addition, Mr. Schechter advised Counsel for the Trustee that he was unavailable on January 26, 2007 and requested that date be continued.

8.     On January 26, 2007, none of the Foreign Defendants appeared for the required citation examination either by counsel, or in person in case of Trujillo, or by officers for the corporate Defendants. As requested by Mr. Schechter, the citation proceedings were continued to February 13, 2007.

9.     On February 13, 2007, the Foreign Defendants again each failed to appear for the citation examination in person, by counsel, or by corporate officers.

10.    On February 20, 2007, the Trustee served a third-party citation summons on Foreign Defendants' attorney, Mr. Schechter.

11.    On March 8, the Trustee filed a Motion for Rule to Show Cause why Foreign Defendants and their counsel Schechter Should Not be Held in Contempt. This Motion was served to the Foreign Defendants via Federal Express and regular mail, and served on their counsel, Mr. Schechter, via the Court's CM/ECF system. The matter was set on March 15, 2007

for presentment of the Motion for Rule to Show Cause. On a schedule then set, the parties subsequently briefed the issues raised.

12.     On May 10, 2007, Foreign Defendants and Mr. Schechter filed their Cross-Motion to Quash Citation Notices and to Dismiss Citations to Discover Assets.

13.     The Foreign Defendants and Mr. Schechter have not appeared pursuant to the citations, produced any documents, or supplied any of the information sought through the citations.

14.     Any further facts contained in the discussion below shall constitute additional undisputed facts.

## DISCUSSION

The issues presented are whether the Citations to Discover Assets and the Motion for Rule to Show Cause were adequately served on the parties to whom and which they were directed so as to provide a basis for enforcement thereof.

### 1.    SERVICE OF CITATION TO DISCOVER ASSETS ON FOREIGN DEFENDANTS

Fed. R. Bankr. P. 7069 provides that Fed. R. Civ. P. 69 applies in Adversary proceedings. Rule 69(a) provides in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

A Seventh Circuit panel opinion held that Rule 69(a) "subordinates state supplementary procedure only when there is a federal statute fulfilling a comparable function." Textile Banking Co., v. Rentschler, 657 F.2d 844, 851 (7th Cir. 1981).

### A.    Service Under Illinois Procedure

The Foreign Defendants argue that service on their former attorneys did not comply with Fed. R. Civ. P. 69, or Rule 277 of Illinois Supreme Court Rules, or requirements of 735 ILCS 5/2-1402, 735 ILCS 5/2-203, and 735 ILCS 5/2-204, even though those attorneys were still representing those defendants at the time of such service.

Illinois Supreme Court Rule 277 provides that in supplemental proceedings, "the citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default."

Section 5/2-203 of the Illinois Code of Civil Procedure requires that service on individuals be accomplished by personal service on the individual or by leaving a copy at the defendant's usual place of abode with a person who resides therein aged thirteen or older.

Section 5/2-204 of the Illinois Code of Civil Procedure provides that a private corporation may be served:

> (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or
> (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.

Section 5/2-1402 of the Illinois Code of Civil Procedure provides that "[w]henever a citation is served upon a person or party other than the judgment debtor {in this case Mr. Schechter}, the officer or person serving the citation shall send to the judgment debtor, within

three business days of the service upon the cited party, a copy of the citation and the citation notice, which may be sent by regular first-class mail to the judgment debtor's last known address."

The Foreign Defendants assert that none of these procedures were precisely followed, and therefore they and their attorney were not properly served under Illinois law.

**B.    Service Under Federal Procedures**

The Trustee first argues that the citations to discover assets are supplemental pleadings and are therefore governed by Fed. R. Civ. P. 5 which provides in pertinent part:

> (a)    Service: When Required. Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants. . . , shall be served upon each of the parties. . . .
>
> (b)    Making Service.
> (1) Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party.

The Trustee argues that these federal rules fulfill precisely the function in issue here and, therefore, service was properly effected when the citations were served on Foreign Defendants' attorneys of record. The Trustee relies on <u>Martin v. C.D. Gray, Inc.</u>, No. 80-3151, 1986 U.S. Dist. LEXIS 23880 (N.D. Ill. June 23, 1986) ("Martin I").

**C.    Discussion**

In <u>Martin I</u>, service in a supplemental proceeding was made on the defendant's lawyers -- who later were granted leave to withdraw on the representation that they promptly sent the defendant all process and other papers received on his behalf. The judgment debtor moved to

7

quash supplementary proceedings initiated in the action on the basis that the judgment debtor had not been served personally. District Judge Hart noted that the function of service is to give notice. He concluded that Fed. R. Civ. P. 5(b) fulfills precisely that function and is not significantly different from or less effective in fulfilling that function than the Illinois state statute. Martin I, 1986 U.S. Dist. LEXIS 23880, at *2. Therefore, it was held that Rule 5(b) controlled and service was properly effected. Id. at *2.

The Trustee further argues that even if Illinois procedure applies, service was valid. Even under Illinois authority the rules do not have to be followed to the letter in supplemental proceedings; the purpose of those rules is to provide due process, and due process requires only actual notice. See Manley Motor Sales Co. v. Kennedy, 419 N.E.2d 947, 950 (Ill. App. 1981).

To support this assertion, the Trustee relies on Martin v. C.D. Gray, Inc.(Martin II), 110 F.R.D. 398 (N.D. Ill. 1986) ("Martin II," same facts as Martin I). In discussing whether personal service is required as in service of process under Rule 4(c) or whether a citation summons is a subsequent pleading within the meaning of Rule 5, District Judge Lefkow noted the following:

> In general, the answer to this question is that personal service is required for service of a citation to discover assets. Rule 69 plainly incorporates state procedure and Illinois law contemplates personal service of a citation to discover assets, as discussed above. Nothing to the contrary can be discerned from the federal rules. The reason for personal service is undoubtedly that one cannot assume that an attorney continues to represent a party after judgment, so the initial process for a supplemental proceeding must be personally served. Nevertheless, as acknowledged in Manley, ". . . the essence of the service requirement is to provide due process," and although "generally due process requires following the rules, . . . where the rules are inadequate substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party." Manley, 95 Ill. App. 3d at 203, 50 Ill. Dec. at 682, 419 N.E.2d at 950.

8

> The court finds the instant matter a proper one in which to follow
> Manley's equitable exception. This is not a fact situation similar to
> Manley. Rather, this judgment debtor has retained counsel to
> contest jurisdiction over him. Thus, unlike the judgment debtor in
> Manley, there is no doubt that Gray has received actual notice. Due
> process is satisfied. Furthermore, the history of this case reflects
> nothing but attempts by Gray and his company to avoid paying the
> judgments that have been lawfully entered.

Martin II, 110 F.R.D. at 401.

It must be concluded that Illinois rules of procedure govern the citation process, not Fed. R. Civ. P. 5. A Seventh Circuit Panel interpreted Rule 69(a) in Textile Banking, a case involving issues related to the service of a citation to discover assets. 657 F.2d 844 (7th Cir. 1981). In determining whether federal procedure was applicable and trumped Illinois law with respect to service of citations, the opinion held that no federal statute prescribes methods for discovering the hidden assets of the judgment debtor. Textile Banking, 657 F.2d 844 at 851. Pursuant to Fed. R. Civ. P. 69(a), a federal Court should apply Illinois law regarding supplementary proceedings for enforcement of judgments. Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993).

Moreover, the citations to discover assets cannot be supplemental *pleadings* governed by Fed. R. Civ. P. 5 as the Trustee argues. The term *pleading* is defined by reference to Fed. R. Civ. P. 7(a), which provides an exclusive list of what may be considered a pleading: "[A] complaint, an answer, a reply to a counterclaim, an answer to a counterclaim, a third-party complaint, and an answer." See Duda v. Bd. of Educ. of Franklin Park, 133 F.3d 1054, 1056 n.2 (7th Cir. 1998) (quoting 3 James Wm. Moore et al., Moore's Federal Practice P 15.11 (3d ed. 1997)). Accordingly, a citation to discover assets cannot be considered a pleading subsequent to the original complaint so as to make Fed. R. Civ. P. 5 applicable. Therefore, "Illinois rules

regarding service of a citation to discover assets apply to a judgment collection proceeding conducted in the bankruptcy court." Covey v. Harris (In re Jacobs), No. 00-80460, 2000 Bankr. LEXIS 2069, * 10 (Bankr. C.D. Ill. November 11, 2000).

Nonetheless, under applicable Illinois law, a sensible and realistic application of the required procedures has been recognized in this Circuit to be within court discretion. "[A]pplying every jot and tittle of Illinois procedural law and applying every jot and tittle of federal procedural law are not the only alternatives." Resolution Trust Corp., 994 F.2d at 1226. "Proceedings to enforce judgments are meant to be swift, cheap, [and] informal." Id. "We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin." Id. (citing Martin II, 110 F.R.D. at 401). Illinois law appears to leave the procedure to be followed in supplementary proceedings largely to the judge's discretion. Id. Rule 69(a) does not require this court to apply the entire procedural law of Illinois; rather, this court may "proceed in any way that satisfies the requirements of due process." EEOC v. Paragon Restaurant, Inc., No. 95-667, 1999 U.S. Dist. LEXIS 4597, *18 (N.D. Ill. March 26, 1999) (citing Ruggiero, 994 F.2d at 1226). See also Martin II, 110 F.R.D. at 401; Manley, 419 N.E.2d at 950.

The case at bar is similar to the facts in Martin II where actual notice was found, and is one in which the purpose of procedural requirements has clearly been served. The citations to discover assets were served on the attorneys who represented the Foreign Defendants in the underlying trial and post-judgment. It was not until after the attorneys were served, that they were granted leave to withdraw. Foreign Defendants now attempt to establish that their previous attorney was not representing the judgment debtors post-judgment. This argument, however, is quickly dispelled. On December 21, 2006, the Foreign Defendants' previous attorney, Vaughn A.

White, appeared before this Court on notice and motion to seek post-judgment relief that was granted, namely a time extension for the Foreign Defendants to file their appeals.

It is also clear the Foreign Defendants separately received actual notice of the citations served on their representatives at addresses specified by withdrawn counsel as a condition they fulfilled before being allowed to withdraw. In their Response to the Motion to Show Cause, the Foreign Defendants acknowledge that they were aware of the citations. Their argument in the face of that acknowledgment is unreal. Their attorneys of record at the time the citations were issued received the citations by facsimile and mail before withdrawing, their current counsel was advised of the citations, and the Foreign Defendants actually received the citations by Federal Express. Requirements of due process notice have thus clearly been satisfied.

The Foreign Defendants are attempting to avoid their legal obligations to give evidence concerning their assets after judgment was entered. Their evasiveness now threatens to prejudice the ability of Plaintiff to collect on the judgments, and seeks to achieve a stay of efforts to collect even though no supersedeas stay was sought or obtained pending their appeals of the judgments. Their current counsel is representing them in their appeals. The Foreign Defendants seek to appear in the appeal proceedings they hope will be beneficial to them, but at the same time avoid the citation proceedings of which they have full knowledge and thereby obtain an effective stay of collection efforts.

2.   **SERVICE OF THIRD PARTY**
     **CITATION ON ATTORNEY MR. SCHECHTER**

The Foreign Defendants argue that the third party citation served on Mr. Schechter was not served by mail on any of the judgment debtors in contravention of 735 ILCS 5/2-1402. They also claim that at the time the third party citation was served on Mr. Schechter, he was not acting

11

in his capacity as counsel for the Foreign Defendants, but was acting as a third party citation respondent.

The Trustee again responds both that the service of the third party citation is governed by Fed. R. Civ. P. 5 and also that even if Illinois procedure applies here service was valid. As stated above, the Illinois rules regarding service of a citation to discover assets apply to a judgment collection proceeding conducted in a federal bankruptcy court. Service on Mr. Schechter is found to have complied with those rules.

The mailing requirement in 735 ILCS 5/2-1402 is not part of the "service" requirement. Marino v. Chrysler Credit Corp., 201 B.R. 234, 246 (Bankr. N.D. Ill. 1996). "The statute states that, after *service of* a third-party citation, the citation must also be *sent* to the judgment debtor. If formal service was required, the statute would have specified as such. The mailing requirement is an additional requirement designed to ensure that the judgment debtor receives notice of third-party citation proceedings." Id. (emphasis in original).

It is clear that the Foreign Defendants had actual notice of the citation directed to their attorney to discover assets. It is also clear that at the time the third party citation was served on Mr. Schechter, he filed an appearance on behalf of the Foreign Defendants. Mr. Schechter cannot claim to act only to represent his clients in citation proceedings and not as general counsel for the Foreign Defendants in this case, particularly when he is sole counsel of record on the appeal filed by those Defendants that is now pending in the District Court.

The issue as to Mr. Schechter is also a proper one in which to follow the realistic applications of procedural requirements discussed in Manley and Martin II. "'[T]he essence of the service requirement is to provide due process,' and although 'generally due process requires

following the rules, . . . substantive due process requires only actual notice, that is, reasonable assurance that notice was actually given to the party.'" Martin II, 110 F.R.D. at 401 (citing Manley, 419 N.E.2d at 950). The judgment debtors retained their new counsel Mr. Schechter after judgment, in part to contest the service of citations to discover assets and motion for rule to show cause, and in part to prosecute their appeals of the judgments. There is no doubt that the Foreign Defendants received actual notice of the third party citation to Mr. Schechter when he was served. Thus, due process was satisfied and required procedures were effectively complied with.

3.  **SERVICE OF MOTION FOR RULE TO SHOW CAUSE**

The Foreign Defendants also claim that the Motion for Rule to Show Cause was not properly served on the Foreign Defendants. They argue that the Trustee's attempt to serve them by mail was insufficient under Fed. R. Civ. P. 4.

A similar argument was made by the Foreign Defendants in the underlying trial case wherein they moved to Quash Summonses and to Dismiss under Fed. R. Bankr. P. 7012(b) They argued that the Trustee's attempt to serve them by registered mail was insufficient under Fed. R. Civ. P. 4 and Article 10(a) of the Hague Convention. See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361, 658 U.N.T.S. 163. They also argued that exercise of jurisdiction over certain of the Foreign Defendants was inconsistent with Constitutional guarantees of due process.

The Motion to Quash Summons was denied for reasons then stated from the bench and later incorporated in the Conclusions of Law. That decision was based on Seventh Circuit precedent. Research Systems Corp. v. IPSOS Publicite, 276 F.3d 914 (7th Cir. 2002). In

Research Systems Corp., it was opined that the manner of service by simple certified mail is a method permitted by Article 10(a) of the Hague Convention, so long as the foreign country does not object. Id. at 926. Here, the parties agreed that the Mexican government has never indicated any objection to service on its citizens by mail from a foreign country. Under that decision, stare decisis in this Circuit holds that service by mail is sufficient. Further, service by mail has long been held to satisfy due process requirements. See Fed. R. Civ. P. 5(b)(2)(B); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 319, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (noting that "the mails today are recognized as an efficient and inexpensive means of communication.").

In this case, the Trustee filed his Motion for Rule to Show Cause why Foreign Defendants Should Not be Held in Contempt on March 8, 2007. That Motion was sent to the Foreign Defendants via Federal Express and regular mail, and sent to their new counsel Mr. Schechter via Court's CM/ECF system. Due process requirements were thereby satisfied, and therefore service by ordinary mail and e-mail was sufficient.

4. **FOREIGN DEFENDANTS' MOTION TO QUASH AND DISMISS CITATIONS TO DISCOVER ASSETS**

The Foreign Defendants and Mr. Schechter adopted all of the arguments raised in the response to the Trustee's motion as a basis for their motion to quash and dismiss the citations. For the same reasons given for allowance of the Trustee's motion, Defendants' motion must be denied.

**CONCLUSION**

For the foregoing reasons, the Trustee's Motion for Rule to Show Cause why the Foreign Defendants Should Not be Held in Contempt will be granted and the Foreign Defendants' Motion to Quash Citation Notices and Dismiss Citations to Discover Assets will be denied.

The Foreign corporate Defendants are separately ordered to appear before this Court by counsel and appearance of a corporate officer for each, and in person as to **Sergio Eduardo Guaremos Trujillo** and attorney Mr. Schechter, on a date fixed, and then required to give evidence or failing that to show cause if any they have why they should not be held in civil contempt.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 2L of July, 2007.