UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| GGSI LIQUIDATION, INC., et al. ) | Bankruptcy No. 01 B 31751 |
| Debtor. ) | (Jointly Administered) |
| _____ ) | |
| GUS A. PALOIAN, not individually but solely in ) | |
| his capacity as the Chapter 7 Trustee of the above ) | |
| captioned Bankruptcy Estates ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 03 A 03888 |
| ) | |
| Grupo Serla S.A. de C.V. a/k/a Grupo Empresarial ) | |
| Serla, S.A. de C.V.; Editorial Comercial, S.A. de ) | |
| C.V.; Sergio Edwardo Guarneros Trujilo; Bank One ) | |
| individually and as successor-in-interest to First ) | |
| National Bank of Chicago, a national banking ) | |
| Association, and Union Industrial Mexicana, S.A. ) | |
| de C.V. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION ON
## CITIGROUP, INC.'S MOTION TO DISMISS

On November 26, 2006, a Judgment was entered in favor of the chapter 7 Trustee (the "Trustee") against Grupo Serla S.A. de C.V., Editorial Comercial, S.A. de C.V., and Sergio Edwardo Guarneros Trujillo in the amount of $10,804,988. On the same day, a Judgment was also entered against Union Industrial Mexicana S.A. de C.V. (collectively with Grupo Serla, Editorial Comercial and Mr. Trujillo, the "Foreign Defendants") in the amount of $1,854,552. The Judgments remain unsatisfied. In an attempt to collect the Judgments, the Trustee instituted supplementary proceedings to discover assets.

Concerned that the Foreign Defendants would transfer discovered funds in order to avoid the Judgments, the Trustee caused both a Non-Wage Garnishment Summons (the "Summons") and also a Citation to Discover Assets (the "Citation") to be served on Citigroup, Inc. on July 20, 2007. The Trustee caused the Summons and Citation to be served by delivering them by messenger to America Rodriguez, a Citibank, N.A. employee, at a local Citibank financial center in downtown Chicago. Citibank appears to be a subsidiary of Citigroup.

Citigroup objects to the Trustee's attempt to serve a corporate parent by delivering the Summons and Citation to an employee at a retail location of the Citigroup subsidiary. On January 3, 2008, Citigroup filed a Motion to Dismiss Pursuant to Rule 12(b)(5) Fed. R. Civ. P. In addition, it filed a Motion for Protective Order on March 7, 2008, seeking to prevent the Trustee from conducting discovery to learn the relationship between Citigroup, Citibank and Banamex, a Mexican bank. The Motion to Dismiss contests the propriety of service on the corporate parent through the subsidiary. The parties agree that whether the Trustee complied with the procedural requirements of service raised in Citigroup's Motion to Dismiss should be decided as a threshold matter. Thus, all discovery has been stayed pending disposition of the Motion to Dismiss.

For reasons stated herein, that Motion will now be denied by separate Order.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The Adversary proceeding and, therefore, the supplemental citation proceeding following entry of Judgments are before the Court pursuant to 28 U.S.C. § 157 and referred here by District Court Operating Procedure 15(a)

of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## DISCUSSION

### *Improper Argument by Counsel for Both Sides*

As a threshold matter, counsel for both parties would be well advised to consult the *Standards for Professional Conduct Within the Seventh Federal Judicial Circuit: Lawyers' Duties to Other Counsel*, which states in part: "(4) We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety." *Available at* http://www.ca7.uscourts.gov/Rules/rules.htm#standards (last visited June 11, 2008). The parties' briefs on the pending Motion are replete with accusations by both parties of alleged efforts by their adversary to mislead the court by misconstruing the law.

According to the Trustee, "Citigroup **misquotes and misrepresents Illinois law to this Court** by ... intentionally delet[ing]" part of the rule upon which it relies. (Trustee Response at 2 (emphasis in original).) Citigroup responds that "[i]t is remarkable that a Trustee who files a pleading repeatedly accusing Citigroup of masking the law and concealing things from the Court would advance a new legal theory that it hasn't come close to complying with." (Citigroup Reply at 8.) Citigroup's briefs contain no fewer than ten assertions that the Trustee's attempt at service was "woefully inadequate" and "flawed at its root," and that his legal argument "bends, twists and manipulates the service rules" to create an "astonishing" and "bizarre new theory" that is "desperate," "defies credibility," "makes no sense" and is "flatly improper."

Such arguments, if they can be called that, ill serve their clients and adversely affect each counsel's credibility. They can rest assured that most judges are not impressed or persuaded by those types of rude arguments.

### *Rule 12(b)(5) Motion to Dismiss Standard*

According to Rule 12(b)(5) Fed. R. Civ. P., incorporated in bankruptcy proceedings by Rule 7012(b) Fed. R. Bankr. P.:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, *except that the following defenses may at the option of the pleader be made by motion: ... insufficiency of service of process.*

(Emphasis added). In general, the "essence of the service requirements is to provide due process...." Manley Motor Sales Co. v. Kennedy, 419 N.E.2d 947, 950 (Ill. App. Ct. 1981). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted). Federal courts are disinclined to elevate form over substance. Martin v. C.D. Gray, Inc., 110 F.R.D. 398, 401 (N.D. Ill. 1986). Thus, while due process generally requires following applicable rules, where the rules have not precisely been followed, substantive due process requires actual notice only. Manley Motor Sales, 419 N.E.2d at 950. A federal court may find proper service despite technical noncompliance with the rules for service if actual notice is sufficient. Martin, 110 F.R.D. at 401; Manley Motor Sales, 419 N.E.2d at 950.

### *Illinois Supreme Court Rule 105 Governs Service of a Citation to Discover Assets*

According to Rule 69(a)(1) Fed. R. Civ. P. (incorporated into bankruptcy by Rule 7069 Fed. R. Bankr. P.), "The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "Rule 69 plainly incorporates state procedure...." Martin, 110 F.R.D. at 401. See also Paloian v. Grupo Serla S.A. de C.V., et al. (In re GGSI Liquidation, Inc.), No. 03-A-03888, 2007 WL 1958597 at *5 (Bankr. N.D. Ill. Jul. 2, 2007) ("It must be concluded that Illinois rules of procedure govern the citation process, not Fed. R. Civ. P. 5.").

Citigroup argues that it was never personally served because the messenger service that delivered the Summons and Citation to the Citibank branch was not an authorized process server under Illinois law. See 735 ILCS 5/2-202. The Trustee responds that service of a Citation to Discovery Assets is governed by Rule 105(b) Ill. S. Ct. R., which provides:

> The notice may be served by any of the following methods: (1) By any method provided by law for service of summons, either within or without this State. *Service may be made by an officer or by any person over 18 years of age not a party to the action.* Proof of service by an officer may be made by return as in the case of a summons. Otherwise proof of service shall be made by affidavit of the server, stating the time, manner, and place of service. The court may consider the affidavit and any other competent proofs in determining whether service has been properly made.

(Emphasis added). The Trustee argues, therefore, that it was unnecessary to employ the services of the sheriff or a special process server, as long as the person was over eighteen years of age and not a party to the action. Citigroup relies on the title of Rule 105 — "Additional Relief Against Parties in Default–Notice" — to argue that Rule 105 only applies to parties in default, who have

already received service. Citigroup argues that it is not a party in default and, therefore, the rules for service under 735 ILCS 5/2-204 require service by the sheriff or a special process server. 735 ILCS 5/2-202.

Contrary to Citigroup's arguments, the Trustee's reliance on Rule 105 is proper. The analysis here begins with 735 ILCS 5/2-1402(a), which provides that "[a] supplementary proceeding shall be commenced by the service of a citation issued by the clerk. *The procedure for conducting supplementary proceedings shall be prescribed by rules.*" (Emphasis added).

Supplementary proceedings are governed by Rule 277 Ill. S. Ct. R. According to Rule 277(c)(3), "The citation shall be served and returned in the manner provided by rule for service, otherwise than by publication, *of a notice of additional relief upon a party in default.*" (Emphasis added).

Rule 277(c)(3) specifically provides that "[t]he citation shall be served and returned in the manner provided by rule for service ... of a notice of additional relief upon a party in default." Additional relief against parties in default is governed by Rule 105 which, as quoted earlier, provides for service "by any person over 18 years of age not a party to the action." Rule 105(b)(1) Ill. S. Ct. R.

That 735 ILCS 5/2-1402, and Rules 277 and 105 Ill. S. Ct. R. generally govern the service of a citation to discover assets is supported by holdings in <u>Martin</u> and <u>Manley Motor Sales</u>, 110 F.R.D. at 399; 419 N.E.2d at 948-49. Both opinions discussed 735 ILCS 5/2-1402, or its statutory predecessor, and Rules 277 and 105 in conjunction with outlining steps for service of a citation to discover assets. Citigroup attempts to distinguish <u>Martin</u> and <u>Manley Motor Sales</u> on the basis that those cases addressed the propriety of service of a citation to discover assets on the

defendants' former attorneys. 110 F.R.D. at 399; 419 N.E.2d at 948. The first attempt to serve the citation to discover assets in Manley Motor Sales was made by the sheriff. 419 N.E.2d at 948 ("The sheriff's return ... stated that defendant could not be found because he was on vacation."). However, that detail was irrelevant to the court's eventual holding. In Martin, there is no discussion in the fact pattern regarding who actually made service. 110 F.R.D. 399. The issue decided in those cases (whether service on a former attorney is proper) and the issue presented here (whether service of a citation to discover assets must be made by the sheriff) are different, but the analysis supporting the rulings is applicable here.

Nothing in the bankruptcy cases cited by Citigroup leads to a contrary conclusion. The question in In re Lifchitz and In re T.M. Sweeney & Sons, LTL Services, Inc. was whether, pursuant to 735 ILCS 5/2-1402, a lien arises on intangible property upon service of a citation summons. See 131 B.R. 827, 833 (Bankr. N.D. Ill. 1991); 120 B.R. 101, 105 (Bankr. N.D. Ill. 1990). The question in In re Marino was whether the bankruptcy debtor (who was the judgment debtor) waived service of the citation under 735 ILCS 5/2-1402, or whether service was otherwise improper because it was not mailed to the debtor within three days after service on a person other than the judgment debtor. 201 B.R. 234, 244, 246-47 (Bankr. N.D. Ill. 1996). In that case, it was held that "[t]his mailing requirement is not part of the service requirement." Id. at 246. Thus, the cases cited by Citigroup generally refer to 735 ILCS 5/2-1402 as the statute that governs supplementary proceeding, but they are not dispositive of the legal objection to form of service raised here. Martin and Manley Motor Sales set forth the analytical framework for service of a citation to discover assets and leads to the conclusion that Rule 105(b)(1) governs service.

It is clear that under Rule 105(b)(1) "[s]ervice may be made by an officer or by any person over 18 years of age not a party to the action." Thus, it was not improper to serve the Citation at the Citibank financial center branch by someone other than the sheriff or a special process server.

### *Service of the Citation Satisfies Due Process*

Citigroup argues that even if the Trustee was not required to employ the sheriff or a special process server to serve the Citation, the Trustee still failed to comply with Rule 105(b)(1). According to Rule 105(b)(1), "[p]roof of service *shall* be made by affidavit of the server, stating the time, manner, and place of service. The court may consider the affidavit *and* any other competent proofs in determining whether service has been properly made." (Emphasis added). Citigroup argues that the word "shall" in the first sentence makes the requirement of the affidavit mandatory not permissive. In addition, Citigroup argues that the word "and" in the second sentence means that the two clauses should be read in the conjunctive and, therefore, other competent proofs are in addition to, not instead of, the affidavit requirement. Citigroup argues that the Trustee's failure to produce an affidavit of the server is grounds to quash the Citation. The Trustee responds by attaching two Messenger Request Forms addressed to Citigroup, Inc. at 222 West Adams Street and signed by America Rodriguez at 8:00 a.m. and 3:53 p.m. on July 20, 2007. (Trustee Resp. Ex. B.) In addition, the Trustee attaches a letter from a member of Citibank's Litigation Support Unit acknowledging receipt of the Summons and Citation. (Trustee Resp. Ex. C.) He argues that these exhibits are competent proofs of service. Citigroup does not contest the authenticity of those documents, only their legal sufficiency. Most

- 8 -

significant, Citigroup does not claim that delivery did not take place; there is no doubt here that the papers were in fact delivered. Indeed, a letter from Citibank acknowledged receipt.

As a matter of statutory construction "there are dangers in attempting to rely too heavily on characterizations such as 'disjunctive' form versus 'conjunctive' form to resolve difficult issues of statutory construction. Although connecting words such as 'and,' 'or,' or 'also' are often helpful keys to unlocking Congress's intent, we must still look at all parts of the statute." Kelly v. Wauconda Park Dist., 801 F.2d 269, 270 n.1 (7th Cir. 1986). The essence of service requirements is to provide due process, Manley Motor Sales, 419 N.E.2d at 950, and federal courts are disinclined to elevate form over substance. Martin, 110 F.R.D. at 401. According to the Seventh Circuit panel in Resolution Trust Corp. v. Ruggiero:

> But applying every jot and tittle of Illinois procedural law and applying every jot and tittle of federal procedural law are not the only alternatives. We are dealing with *supplementary* proceedings; and while for some purposes, such as appealability, they are fruitfully analogized to regular civil proceedings, the analogy becomes strained when procedure at the trial level is in issue. Proceedings to enforce judgments are meant to be swift, cheap, informal. We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin. Moreover, Illinois law appears to leave the procedure to be followed in such proceedings largely to the judge's discretion....

994 F.2d 1221, 1226 (7th Cir. 1993) (emphasis in original) (internal citations omitted).

Citigroup attempts to distinguish Martin, where the opinion held that service was proper despite technical noncompliance with the rules for service, because of a factual finding that the judgment debtor had made repeated bad faith attempts to avoid satisfying the judgment. Id., 110 F.R.D. at 401. Citigroup argues that it has not demonstrated any bad faith in responding to and

attempting to quash the Citation, and the Court makes no such finding here. But no showing of bad faith is required.

Citigroup repeatedly argues that it is entitled to "personal service," and that is precisely what it got. According to Black's Law Dictionary, "personal service" is the "[a]ctual delivery of the notice or process to the person to whom it is directed. Also termed *actual service*." 1180 (8th ed. 2004). This is compared with "constructive service" or "substituted service," which mean "[s]ervice accomplished by a method or circumstance that does not give actual notice," or "[a]ny method of service allowed by law in place of personal service, such as service by mail...." Id. at 1399.

Citigroup would have the Court elevate the formality of the procedure for service over its actual receipt of the Citation. This is unnecessary to serve the purpose of applicable rules or for purposes of Constitutional due process. The letter acknowledging receipt of the Summons and Citation establishes that Citibank received actual notice of the supplementary proceeding.

For the foregoing reasons it is found and held that service of the Citation to Discover Assets was proper.

*Service of the Non-Wage Garnishment Summons Satisfies Due Process*

According to 735 ILCS 5/4-126:

The sheriff or any other person authorized to serve summons shall, in like manner as summons are served in ordinary civil cases, summon, wherever they may be found in the State, the persons mentioned in such order for attachment as garnishees and all other persons whom the creditor shall designate as having any property, effects, chooses in action or credits in their possession or power, belonging to the defendant, or who are in anyway indebted to such defendant, the same as if their names had been inserted in such order for attachment. The persons so summoned shall be considered as garnishees. The return shall state the names of all persons so summoned, and the date of such service on each.

In serving the Garnishment Summons, the Trustee failed to comply with the technical requirements for summoning a garnishee, because it was not served by the sheriff or "other person authorized to serve summons" under 735 ILCS 5/2-202. However, the service of a non-wage garnishment summons is subject to the same due process considerations as the service of a citation to discover assets. Similar to a citation to discover assets, garnishment is an ancillary proceeding, and the service of summons is purely ministerial and not jurisdictional. Wieboldt Stores v. Sturdy, 47 N.E.2d 566, 567-68 (Ill. App. Ct. 1943). For the reasons discussed above, it is held that because Citibank received actual notice of the Non-Wage Garnishment Summons, service satisfied the requirements of due process. The Ruggiero reasoning applies to the Trustee's service of the Garnishment Summons. Therefore, we need not apply every "jot and tittle" of the Illinois Code of Civil Procedure when actual service was made serving the purpose of proceedings to collect on a judgment.

## CONCLUSION

For the foregoing reasons, a separate Order will be entered denying Citigroup, Inc.'s Motion to Dismiss the Citation and Garnishment proceedings for asserted lack of proper service. Discovery must then proceed before other issues can be decided.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this ___ day of June 2008.

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on June 26, 2008, I caused to be mailed by United States first class mail copies of the foregoing Memorandum Opinion to the following:

Donald C. Shine, Esq.
Daniel P. Dawson, Esq.
Jessica R. Falk, Esq.
Nisen & Elliott, LLC
200 West Adams Street
Suite 2500
Chicago, IL 60606
Counsel for Plaintiff

Joel A. Schechter, Esq.
Law Offices of Joel A. Schechter
53 West Jackson Boulevard
Suite 1025
Chicago, IL 60604
Counsel for Foreign Defendants

David E. Bennett, Esq.
Anne M. Thericau, Esq.
Eric S. Prezant, Esq.
Leslie A. Bayles
Vedder, Price Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601
Counsel for Bank One

Joseph M. Russell, Esq.
Senior Counsel
JPMorgan Chase Bank, N.A.
1 Bank One Plaza
10 S. Dearborn
Chicago, IL 60670

Gus A. Paloian, Esq.
Seyfarth Shaw
55 East Monroe Street
42nd Floor
Chicago, IL 60603
Chapter 7 Trustee

Office of the U.S. Trustee
227 West Monroe Street
Suite 3350
Chicago, IL 60606

*Dorothy Clay* (signature)